IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ULLICO CASUALTY COMPANY | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 1:14-CV-624 |
| v. | § § | |
| STRONG STRUCTURAL STEEL, LTD., | § | |
| BRADEN & TREYTON MANAGEMENT, | § | |
| L.L.C., LAMAR STRONG, and NICOLE | § | |
| STRONG. | § | |

**DEFENDANTS' ORIGINAL ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT**

To the Honorable Judge Yeakel:

COME NOW, Strong Structural Steel, Ltd., Braden & Treyton Management, L.L.C., Lamar Strong and Nicole Strong (sometimes referred to hereafter as "Defendants"), and file this their Original Answer to Plaintiff's Amended Complaint, and respectfully show as follows:

## ADMISSIONS AND DENIALS

### I. DEFENDANTS' RESPONSE TO PARTIES

1. Defendants are without specific knowledge or information to be able to admit or deny the statements contained in Paragraph No. 1.

2. Defendants admit the statements contained in Paragraph No. 2.

3. Defendants admit the statements contained in Paragraph No. 3.

4. Defendants admit the statements contained in Paragraph No. 4.

5. Defendants admit the statements contained in Paragraph No. 5.

### II. DEFENDANTS' RESPONSE TO JURISDICTION

6. Defendants admit the statements contained in Paragraph No. 6.

### III. DEFENDANTS' RESPONSE TO VENUE

7. Defendants admit the statements contained in Paragraph No. 7.

### IV. DEFENDANTS' RESPONSE TO FACTUAL BACKGROUND

8. Defendants admit the statements contained in Paragraph No. 8.

9. Defendants admit the statements contained in Paragraph No. 9.

10. Defendants admit the statements contained in Paragraph No. 10.

11. Defendants admit that the content of the indemnity clause contained in Paragraph No. 11 is accurate. However, Defendants deny that the clause requires the Indemnitors to indemnify the Surety for all of its losses.

12. Defendants are without specific knowledge or information to be able to admit or deny the statements contained in Paragraph No. 12 regarding what the Surety relied upon, but Defendants admit that the Surety issued payment and performance bonds.

13. Defendants admit the first sentence, and deny the remainder of Paragraph No. 13.

14. Defendants deny the statements made in Paragraph No. 14.

15. Defendants deny the statements made in Paragraph No. 15.

### V. DEFENDANTS' RESPONSE TO CONDITIONS PRECEDENT

16. Defendants deny the statement made in Paragraph No. 16.

### VI. CAUSES OF ACTION

### DEFENDANTS' RESPONSES TO BREACH OF INDEMNITY AGREEMENT

17. Defendants admit the statement contained in Paragraph No. 17 about the Surety making payments under the bonds, and deny the remainder of said paragraph.

18. Defendants deny Paragraph No. 18.

## DEFENDANTS' RESPONSES TO EXONERATION

19. To the extent that this incorporation sentence in Paragraph No. 19 claims that the facts set forth in the Petition are all true and correct, Defendants deny said paragraph.

20. Defendants deny the first two sentences contained in Paragraph No. 20 and admit that the Surety seeks damages along with its attorneys' fees.

## DEFENDANTS' RESPONSES TO RECOVERY OF ATTORNEYS' FEES AND EXPENSES

21. To the extent that this incorporation sentence in Paragraph No. 21 claims that the facts set forth in the Petition are all true and correct, Defendants deny said paragraph.

22. Defendants deny the statements made in Paragraph No. 22.

23. Defendants deny the statements made in Paragraph No. 23.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### A. Voluntary Payment

24. Satterfield & Pontikes Construction, Inc. improperly and wrongfully terminated Strong's subcontract on the ABIA AFRC/JVMF Project No. 57610, which was a material breach extinguishing the obligations of both Strong and Surety. The payments made by Surety following the wrongful termination were voluntary payments for which the Indemnitors/Defendants are not obligated to reimburse the Surety.

25. Additionally, Surety made payments for work performed outside of the scope of the bonded subcontract. Despite repeated attempts by Indemnitors' legal counsel to explain to the Surety that the obligee was seeking payments for work outside of Strong's scope of work and not required by Strong's subcontract on the ABIA

AFRC/JVMF Project No. 57610, the Surety made such payments. Such payments were made voluntarily and not pursuant to the obligations of the performance bond and, as a result, Indemnitors are not liable to Surety for those amounts.

**B. Defendants are entitled to an offset or credit for improper payments by the Plaintiff.**

26. The Surety is seeking reimbursement for payments made to contractors to complete and supplement the work of Strong Structural Steel, LTD. However, the Surety extinguished the Indemnitors'/Defendants' obligations to reimburse it under the bond to the extent it paid certain contractors for overcharges. Despite notification to the Surety by Indemnitors' legal counsel of these overcharges, the Surety paid these contractors and has subsequently taken no action to recover these monies, instead seeking reimbursement from the innocent Indemnitors for Surety's mistakes.

27. A surety has a duty of good faith to its indemnitors to properly investigate claims before making payments that will form the basis of a later indemnification claim against its indemnitors. Ullico Casualty Company breached this duty. The Indemnitors/Defendants are entitled to an offset or credit for those improper payments made to contractors who overbilled the Surety.

28. Surety failed to mitigate its damages in paying certain contractors without adequate investigation and paying certain contractors in excess of the amounts permitted under the bonded subcontract.

**C. Prior Material Breach Has Excused Defendants' Performance and Also Constitutes Waiver**

29. Indemnitors' legal counsel advised Surety on multiple occasions of the availability of funds from other construction jobs that could be used by Surety to

pay down any obligations of the Indemnitors. Legal counsel sought consent of the Surety for payment of retainage on a construction job in Oklahoma run by Steele & Freeman, Inc. and a construction job in the Woodlands, near Houston, Texas, run by Satterfield & Pontikes Construction, Inc., the same general contractor on the ABIA AFRC/JVMF Project. To the extent Surety properly made payments pursuant to the terms of the bond, Surety obtained the right to sums owed to Strong on other projects by virtue of assignment clause at ¶7 of the General Indemnity Agreement and/or was subrogated to such sums. Despite attempts by Indemnitors' legal counsel to have Surety provide consent to payment and a directive to send payment to Surety for amounts due and owing on those two projects, Surety took no action, preventing Strong Structural Steel, LTD from recovering these funds.

30. By blocking Indemnitors' efforts to reduce their financial obligations to the Surety, Surety prevented performance by the Indemnitors/Defendants, thus excusing any further obligation of the Indemnitors to reimburse the Surety for these amounts.

31. The Surety has also waived its right to these funds, specifically allowed in the General Indemnity Agreement at ¶7, entitling the Indemnitors to an offset or credit for these amounts, which Surety knowingly, and voluntarily, chose not to recover.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendants demand trial by jury in this action of all issues so triable.

## PRAYER

WHEREFORE, Defendants request that judgment be entered in their favor dismissing all causes of action set forth in Plaintiff's Amended Complaint; that Defendants be awarded all costs, including attorney's fees under Chapter 38.001,

Texas Civil Practices & Remedies Code; and such other and further relief as the

Court deems just and proper.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas  78701
512/476-4600
512/476-5382 (Fax)

By: Craig A. Nevelow
    State Bar No. 14933580

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded by facsimile to all known counsel of record, in accordance with the Texas Rules of Civil Procedure, on this ___9____ day of March, 2015.

Robert K. Radcliff
Weinstein Radcliff, LLP
6688 North Central Expressway, Suite 675
Dallas, Texas  75206
214 865-6140 (facsimile)

Craig A. Nevelow